IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**JONATHAN LOPEZ** and
**JOY WOOLEY**,
individually and on behalf
of all others similarly situated,

                    Plaintiffs

                                        Case No. 18-cv-492

            v.

**GREAT DIVIDE AMBULANCE SERVICE**
13505 Jenkins Road
Cable, WI 54821

**TOWNSHIP OF DRUMMOND**
c/o Town Clerk Andy Tuttle
49910 South Loop Road,
Drummond, WI 54832

**TOWNSHIP OF CABLE**
c/o Town Clerk Deanne Allen
13650 Spruce Street
Cable, WI 54821

**TOWNSHIP OF GRAND VIEW**
c/o Town Clerk Teresa A. Gunderson
22615 Tuttles Lane
Grand View, WI 54839

**TOWNSHIP OF NAMAKAGON**
c/o Town Clerk  Jeffery M. Raether
23845 County Highway M
Cable, WI 54821

                    Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

## PRELIMINARY STATEMENT

1.      This is a collective action brought by Individual and Representative Plaintiffs, Jonathan Lopez and Joy Wooley ("Plaintiffs"), on their own behalf and on behalf of the members of the proposed class identified below. Plaintiffs and members of the putative class were employed by Great Divide Ambulance Services ("Defendant" or "GDAS") as paramedics. GDAS is a joint venture between Defendants the Townships of Drummond, Cable, Grand View, and Namakagon. Plaintiffs and the members of the putative class were scheduled to work 24-hour shifts and were required to stay at one of GDAS's stations during those shifts to respond to calls. GDAS paid Plaintiffs and members of the putative class an hourly rate for each of the 24 hours spent on shift; however, GDAS failed to pay overtime wages to Plaintiffs and members of the putative classes for hours worked in excess of 40 in a workweek.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3.      Venue is proper in the United States District Court for the Western District of Wisconsin because Plaintiffs reside in and performed work in this district, and because events giving rise to these claims occurred in this district.

## PARTIES

4.      Plaintiff Jonathan Lopez is an adult resident of Duluth, Minnesota. Lopez was employed by GDAS as a paramedic from November 2015 to March 2018.

Plaintiff has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as Exhibit A.

5.     Plaintiff Joy Wooley is an adult resident of Mason, Wisconsin. Wooley was employed by GDAS as a paramedic from August 2015 to November 2017. Plaintiff has consented in writing to assert claims for unpaid overtime wages under the FLSA. Her consent form is filed as Exhibit B.

6.     Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(2)(C).

7.     Defendant Great Divide Ambulance Service is a joint venture of the Townships of Drummond, Cable, Grand View, and Namakagon in Bayfield County, Wisconsin, pursuant to the provisions of Wis. Stat. § 60.23(1). The President of the Board of Directors of GDAS is Royden Bloom. Rob Puls is the Coordinator of GDAS. The principal office for GDAS is 13505 Jenkins Road, Cable, Wisconsin.

8.     GDAS is an "employer" within the meaning of 29 U.S.C. § 203(d).

9.     Defendant Township of Drummond is a public agency as defined by 29 U.S.C. § 203(x). The Chairperson of Drummond is Royden Bloom. The Clerk of Drummond is Andrew Tuttle. Drummond has entered into a joint partnership to create GDAS.

10.    Drummond is an "employer" within the meaning of 29 U.S.C. § 203(d).

11.    Defendant Township of Cable is a public agency as defined by 29 U.S.C. § 203(x). The Chairperson of Cable is Arthur Hancock. The Clerk of Cable is Deanne Allen. Cable has entered into a joint partnership to create GDAS.

12.     Cable is an "employer" within the meaning of 29 U.S.C. § 203(d).

13.     Defendant Township of Grand View is a public agency as defined by 29 U.S.C. § 203(x). The Chairperson of Grand View is Jack Iverson. The Clerk of Grand View is Teresa Gunderson. Grand View has entered into a joint partnership to create GDAS.

14.     Grand View is an "employer" within the meaning of 29 U.S.C. § 203(d).

15.     Defendant Township of Namakagon is a public agency as defined by 29 U.S.C. § 203(x). The Chairperson of Namakagon is Robert Rasmussen. The Clerk of Namakagon is Jeffery Raether. Namakagon has entered into a joint partnership to create GDAS.

16.     Namakagon is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

17.     The Townships of Drummond, Cable, Grand View, and Namakagon established GDAS as a joint venture pursuant to Wis. Stat. §§ 60.23(1), 61.34(2).

18.     The Board of Directors of GDAS is composed of members from the Town Boards of Drummond, Cable, Grand View, and Namakagon.

19.     The Board of Directors is responsible for the operation of GDAS and for the performance of duties required to operate and maintain the ambulance service.

20.     The Board of Directors is responsible for recruiting and training sufficient personnel to operate GDAS, and has authority to establish personnel policies, procedures, and compensation for GDAS personnel.

21.     Throughout the three years preceding the filing of this Complaint,

Plaintiffs and the putative class members are or were employed by GDAS and the Townships of Drummond, Cable, Grand View, and Namakagon (collectively "Defendants") as paramedics and/or emergency medical technicians ("EMTs").

22.     Throughout the three years preceding the filing of this Complaint, Defendants required paramedics and EMTs to respond to a call within five minutes.

23.     Throughout the three years preceding the filing of this Complaint, during their 24-hour shifts, Plaintiffs and the putative class members were required to remain at one of GDAS's stations to wait for calls.

24.     If Plaintiffs or the putative class members wished to leave the station during their shift, they were required to go in uniform, with their partner, and in the ambulance so they could immediately respond to a call.

25.     When not out on a call, Plaintiffs and the putative class members were required to perform various tasks at the station, including inventory checks, stocking, vehicle maintenance, and completing reports and charting.

26.     Throughout the three years preceding the filing of this Complaint, Defendants did not pay overtime wages to Plaintiffs or the putative class members when they worked in excess of 40 hours in a workweek.

27.     Plaintiffs bring this action on behalf of themselves and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by Great Divide Ambulance Services as paramedics and/or EMTs at any time during the past three years and who were not paid all due overtime wages.

## CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

28.     Plaintiffs, on their own behalf and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

29.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

30.     During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

31.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiffs and members of the Collective Class have suffered a wage loss.

32.     Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiffs and members of the Collective Class overtime compensation in violation of the FLSA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Jonathan Lopez and Joy Wooley, on behalf of themselves and all members of the Collective Class, request the following relief:

A.     An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B.     An order designating Lopez and Wooley as the Named Plaintiffs;

C.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

D.     An order finding that Great Divide Ambulance Service and the Townships of Drummond, Cable, Grand View, and Namakagon violated the FLSA;

E.     An order finding that these violations were willful;

F.     Judgment against Great Divide Ambulance Service and the Townships of Drummond, Cable, Grand View, and Namakagon in the amount equal to the Plaintiffs' and the Collective Class's unpaid back wages at the applicable overtime rate;

G.     An award in the amount of all liquidated damages and penalties as provided under the FLSA;

H.     An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

I.     Leave to amend the Complaint to add additional claims; and

J.     Such further relief as the Court deems just and equitable.

Respectfully submitted this 27th day of June, 2018.

Attorneys for the Plaintiffs

By: */s/David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236