IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN LOPEZ and JOY WOOLEY,

                        Plaintiffs,                      ORDER

    v.

                                                18-cv-492-wmc

GREAT DIVIDE AMBULANCE SERVICE,
TOWNSHIP OF DRUMMOND,
TOWNSHIP OF CABLE, TOWNSHIP OF
GRAND VIEW and TOWNSHIP OF
NAMAKAGON,

                        Defendants.

---

In their complaint, plaintiffs Jonathan Lopez and Joy Wooley assert claims on behalf of themselves and similarly situated employees for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against their employer defendant Great Divide Ambulance Service, which plaintiffs allege is a joint venture between the defendant towns. Specifically, plaintiffs allege that defendants failed to pay them overtime compensation at the rate of one-and-one-half times their regular rate of pay for work performed over 40 hours per workweek. On the parties' stipulation, the court previously certified this case as an FLSA collective action (9/13/18 Order 9dkt. #20)), and a total of twelve employees, included the two named plaintiffs, opted into the collective action (Joint Mot. (dkt. #28) 4).

Before the court is the parties' joint motion to approve an FLSA settlement. (Dkt. #28.) Under the agreement, defendants agree to establish a settlement fund in the amount of $255,000 to resolve the collective action claims. This fund is inclusive of attorneys' fees, costs and liquidated damages. Plaintiffs' counsel seeks an award of 25% of the settlement fund as attorneys' fees and costs, or $63,750, which defendants do not oppose.

Assuming the court approves the amount, this leaves $191,250 to cover the claims of the twelve collective action members.

In the motion, the parties explain the method for calculating the "full value of the claims for these [collective action] members, including the three-year statute of limitations and application of liquidated damages available under the FLSA," as $300,959. (Joint Mot. (dkt. #28) 5.) As such, the proposed payments "represents 64% of their total potential damages if they were to prevail on all issues in the matter, including a finding of willfulness extending the statute of limitations to the third year and an award of liquidated damages." (*Id.* at 6-7.) The parties also explain that the settlement amount will be split among the collective action members on a pro rata basis.

To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

As set forth in the joint motion, plaintiffs' claim presents a question as to whether they should be compensated for "on-call" time, which, in turn, depends on the nature of the collective action members' activities during this time.  There are cases, including a Seventh Circuit case, reasoning that such time did not need to be compensated under the FLSA because it could be used for an employee's own pursuits.  *See Dinges v. Sacred Heart Saint Mary's Hospital*, 164 F.3d 1056 (7th Cir. 1999).  Moreover, there is also uncertainty as to whether plaintiffs would be able to demonstrate willfulness to obtain a third year of damages under 29 U.S.C. § 255(a), as well as whether defendants acted in good faith to avoid paying liquidated damages under 29 U.S.C. § 260.  In light of these substantial questions, the court agrees with the parties the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflects a "compromise of disputed issues."  *Lynn's Food Stores*, 679 F.2d at 1354-55; *see also Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 WL 1736498, at *5 (W.D. Wis. Apr. 29, 2016) ("Although the class members will lose some of their liquidated damages to pay class counsel . . . , the overall settlement represents only a modest compromise from the class members' point of view.).

In their motion, the parties also ask for approval of 25% allocation of the settlement fund to plaintiffs' counsel for attorneys' fees and costs.  Plaintiffs' counsel explains that it has executed fee agreements with the class representatives for compensation on a contingent basis of one-third of the full settlement fund plus costs, but that given the early resolution of this case, it has agreed to request 25% of the fund, inclusive of costs.  (Joint Mot. (dkt. #28) 6 n.1.)  Normally, the court would require plaintiffs' counsel to

supplement the motion by providing their time records and hourly rates, as well as submitting the contingency fee agreements. Here, however, the amount requested, a little over $60,000, appears reasonable in light of counsel's actions to date, namely filing a complaint, seeking certification of the FLSA collective action, conducting discovery, analyzing and calculating the total value of plaintiffs' claims, engaging in settlement activities and seeking approval of the FLSA settlement. As such, the court will also approve the 25% attorneys' fees and costs award.

Accordingly, IT IS ORDERED that:

1) The parties' joint motion for approval of settlement and dismissal with prejudice (dkt. #28) is GRANTED.

2) Plaintiffs' counsel request for an award of attorneys' fees and costs in the amount of $63,750 is APPROVED.

3) The parties are DIRECTED to establish the settlement fund account and disperse the funds in the account as provided in the settlement agreement.

4) The claims of the collective action members are DISMISSED WITH PREJUDICE. The clerks' office is directed to close this case.

Entered this 27th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge